No. 3836.

(Court of Appeal, Parish of Orleans.).

HEIRS OF EUGENE ROEVENS, et. als. vs. MURRY McROBINSON.

1. A prima facie title suffered to remain unquestioned on the official records, taken in good faith as a basis for the assessment is a compliance with the requisition of the statute regarding assessments, and a sale made under such an assessment is valid.

2. In proceedings which lead to the sale of property for taxes, the tax collector is not bound to go beyond the recorded title in search of the owner.

DUFOUR, J. The plaintiffs, widow and heirs of Eugene Roevens, filed this petitory action against the defendant, the holder by menne conveyances of a tax title to certain property, of which he had been in physical possession for more than eighteen months immediately preceding this suit.

The defendant sets up the following chain of title.

The property was forfeited to the State for delinquent taxes of 1875 and 1876, and in 1886 was sold for the same to Orloff Lake under Act 82 of 1884. The property was carried on the assessment roll until 1891 when it was sold by the State to one Lehman for taxes of that year in the name of Lake. In 1898, the city sold the property on an assessment in the name of Lehman to Howcott, and the title found its way to defendant. All of these tax deeds were duly recorded.

The defendant urges correctly that, even if his title be not perfect, he may defeat plaintiffs by invoking any other and valid adverse outsanding title. It is clear that, if the plaintiffs have been legally divested of their ownership they have no right to disturb defendant's possession.

The plaintiff claims the nullity of the forfeiture on the ground of payment of taxes; their evidence does not satisfy us that the tax of 1875 was paid anterior to the forfeiture; on the contrary the exhibits show that they were *paid* by the sale to Lake.

That Lake should have failed to pay City taxes did not impair his title .......... 52 An. 2046.

Roevens, with full knowledge of the fact, that the assessment

279

was in the name of Lake, allowed it to remain undisturbed on the public records.

"Titles that are instrinsically null, if permitted to remain unquestioned, may become the basis of an assessment that will resuit in a valid sale. Any other ruling upon this point would compel the assessors to investigate titles and ascertain as to their conclusive validity.

This was never contemplated by the law. The evidence of a *prima facie* title is the requirement." 46 An. 529.

The notice of intended sale was properly served on Lake the owner of the record, and the tax collector was under no legal obligation to notify the former owner, Roevens, who, according to the records had been divested by the tax sale.

### 107 La. 305.

The assessment being valid and the notice having been served on the proper party, the sale to Lehman was valid and divested the ownership of plaintiffs who are therefore without right or interest to question the defendant's possession under his title.

Plaintiff's plea of prescription of ten years *acqurendi causa* is not sustained; their title ceased to be just and in good faith from the time they ascertained, as they did, that their property had been sold to the State and then by the State to Lake.

Judgment affirmed.

Rehearing refused April 20, 1906.

Writ granted May 15, 1906.